**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Carol Van Duser, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   11 C 167 |
| | ) | |
| NCO Financial Systems, Inc., a | ) | |
| Pennsylvania corporation, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Carol Van Duser, brings this action under the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt

collection actions violated the FDCPA, and to recover damages for Defendant's

violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28

U.S.C. § 1331.

2.      Venue is proper in this District because: a) part of the acts and

transactions occurred here; and, b) Defendant resides and transacts business here.

## PARTIES

3.      Plaintiff, Carol Van Duser ("Van Duser"), is a citizen of the State of Florida,

from whom Defendant attempted to collect a delinquent consumer debt she owed for a

Capital One credit card, despite the fact that she was represented by the legal aid

attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with

Disabilities program ("LASPD"), located in Chicago, Illinois.

4.     Defendant, NCO Financial Systems, Inc., is a Pennsylvania corporation ("NCO") that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  From its offices in 33 states, including offices in the State of Illinois, Defendant NCO operates a nationwide debt collection business, and attempts to collect debts from consumers in every state, including consumers in the State of Illinois.  In fact, Defendant NCO was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Van Duser.

5.     Defendant NCO is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A.  In fact, NCO conducts business in Illinois.

6.     Moreover, Defendant NCO is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, NCO acts as a debt collector in Illinois.

**FACTUAL ALLEGATIONS**

7.     Ms. Van Duser is a senior citizen, with limited assets and income, who fell behind on paying her bills.  When Defendant NCO began trying to collect a delinquent Capital One debt from Ms. Van Duser, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant NCO's collection actions.

8.     On March 31, 2009, one of Ms. Van Duser's attorneys at LASPD told NCO, in writing, that Ms. Van Duser was represented by counsel, and directed NCO to cease contacting her, and to cease all further collection activities because Ms. Van

Duser was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

9.      Nonetheless, on September 3, 2010 and October 7, 2010, Defendant NCO sent collection letters directly to Ms. Van Duser, demanding payment of the Capital One debt.  Copies of these letters are attached as Exhibits D and E, respectively.

10.      Accordingly, on December 30, 2010, one of Ms. Van Duser's LASPD attorneys had to write to Defendant NCO again, to demand that it cease collection of the debt.  Copies of this letter and fax confirmation are attached as Exhibit F.

11.      All of Defendant NCO's collection actions complained of herein occurred within one year of the date of this Complaint.

12.      Defendant NCO's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

13.      Plaintiff adopts and realleges ¶¶ 1-12.

14.      Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

15.      Here, the letter from Ms. Van Duser's agent, LASPD, told Defendant NCO to cease communications and cease collections (Exhibit C).  By continuing to

communicate regarding this debt and demanding payment, Defendant NCO violated § 1692c(c) of the FDCPA.

16.     Defendant NCO's violations of § 1692c(c) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

17.     Plaintiff adopts and realleges ¶¶ 1-12.

18.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  <u>See</u>, 15 U.S.C. § 1692c(a)(2).

19.     Defendant NCO knew that Ms. Van Duser was represented by counsel in connection with her debt because her attorneys at LASPD had informed Defendant, in writing (Exhibit <u>C</u>), that she was represented by counsel, and had directed Defendant NCO to cease directly communicating with Ms. Van Duser.  By directly sending Ms. Van Duser the September 3, 2010 and October 7, 2010 collection letters (Exhibits <u>D</u> and <u>E</u>), despite being advised that she was represented by counsel, Defendant NCO violated § 1692c(a)(2) of the FDCPA.

20.     Defendant NCO's violations of § 1692c(a)(2) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Carol Van Duser, prays that this Court:

1.     Find that Defendant NCO's debt collection actions violated the FDCPA;

4

2.     Enter judgment in favor of Plaintiff Van Duser, and against Defendant

NCO, for statutory damages, costs, and reasonable attorneys' fees as provided by §

1692k(a) of the FDCPA; and,

3.     Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Carol Van Duser, demands trial by jury.

Carol Van Duser,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated:  January 11, 2011

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com